[No. 27887. Department One. April 9, 1941.]

JOSEPHINE BENDER, *Respondent,* v. L. L. MILLS, *et al., Appellants.*[1]

*Smith & Matthews* and *Beverly S. Wilkerson,* for appellants.

*E. M. Farmer,* for respondent.

[1]Reported in 111 P. (2d) 989.

ROBINSON, C. J.—This is an appeal in a cause in which the trial court awarded the plaintiff a recovery of one thousand two hundred and fifty dollars and costs.

The action arose out of a partnership or joint venture entered into by plaintiff and defendant Elsie Mills. In 1924, plaintiff opened a chicken dinner establishment on the Bothell highway. The place was known as "My Southern Home." The money used in the purchase of the ground and the construction of the building was advanced by Mrs. Mills. The agreement relating to the ownership of the property and the division of the profits was oral. The parties agreed that the amount invested by Mrs. Mills was to be returned to her out of the profits, and that Mrs. Bender was to manage the business.

Plaintiff's version of the agreement is that, when Mrs. Mills' investment had been returned to her, she and Mrs. Mills were to own the property in equal interests, and the profits were to be equally divided between them. Defendants' version is that the property was to be owned one-third by Mrs. Bender, one-third by Mrs. Mills, and one-third by Mr. Mills, and that the profits were to be divided in a like manner. Defendants also claim that, in 1927, the original agreement was modified; that in that year there still remained a large sum of money due Mrs. Mills; that the parties agreed that Mrs. Bender should relinquish her interest in the property; and that thereafter all of the profits should be distributed one-third to Mrs. Bender, one-third to Mrs. Mills, and one-third to Mr. Mills.

"My Southern Home" apparently did a large business until 1930 or 1931, though little profits were distributed to the owners. The account kept at the bank shows that the total deposits between 1925 and 1932 amounted to approximately one hundred and seventy-

eight thousand dollars. No books were kept, and the evidence of what the expenditures were consists wholly of oral testimony. In 1935, on account of a heavy decline in patronage, the place was closed, and, in 1938, defendants sold all of the property and equipment, the contract of sale reciting a consideration of five thousand seven hundred dollars. This suit was brought for an accounting, plaintiff alleging that defendant Elsie Mills had received back more than the amount of her investment, and that defendants refused to account to her for her interest in the proceeds of the sale of the property, and she sought judgment against the defendants for $5,404.35.

The questions involved are almost entirely questions of fact. The trial court, in its oral opinion, found that the agreement between the parties was that, when Mrs. Mills had received out of the profits the amount of her investment, she and Mrs. Bender were to be equal owners of the property and the business, and the profits were to be divided equally between them. The court further found that the agreement had not been modified. It further found that, by 1927 or 1928, Mrs. Mills had received, out of the profits of the business, the entire amount of her investment, and the court entered a decree in favor of plaintiff for one-half of the proceeds of the sale of the property, less certain amounts which defendants had paid in taxes and the cost of upkeep.

We think the evidence, which was almost wholly oral, is amply sufficient to sustain the decree of the trial court. The court who heard the witnesses apparently believed the testimony of plaintiff, and did not believe the testimony of defendants that plaintiff relinquished her interest in the property or that that interest was only a one-third interest.

It appears that the sale price of five thousand seven

hundred dollars was not all paid in cash. One thousand seven hundred dollars was to be paid by the purchasers in installments of twenty-five dollars a month, and defendants accepted in part payment of the purchase price a lot and building which were subject to a contract of sale to a third person. Appellants contend that the evidence shows that this lot and building were worth less than the amount at which they were accepted in part payment of the purchase price. But we think the evidence fairly shows that the property sold by defendants, and of which plaintiff was the owner of a one-half interest, was worth five thousand seven hundred dollars.

The judgment appealed from is affirmed.

SIMPSON, STEINERT, MILLARD, and BLAKE, JJ., concur.